GRACE JOHNSON MUNROE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 76942. Promulgated July 19, 1935.

*Lawrence E. Green, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The evidence is all one way, and leaves no room for question. The petitioner is actively engaged in business as the manager and part owner of the hotel. It was necessary, in order that she should properly conduct her business, that she employ an associate manager, and this she did. Apparently her husband was the most satisfactory person for her to employ. As to this, her judgment is wellnigh final. Certainly in this record there is no reason to question its soundness. It was also her judgment that $4,000 was reasonable compensation for his services. This is supported by what evidence there is in the record. Later the husband was paid $5,000 by the joint enterprise, with the approval of the sisters. The record, therefore, fully supports the fact that this was an ordinary and necessary business expense of the petitioner.

As a matter of law, the deduction comes clearly within the Revenue Act of 1928, section 23 (a), and since *Commissioner* v. *Hale*, 67 Fed. (2d) 561, there is no room for question as to the propriety of recognizing a contractual payment from one spouse to another as legal. This has been held to apply equally to a salary paid by a wife to a husband, both residents of Massachusetts, *Anna E. Riley*, 29 B. T. A. 160 (petition for review dismissed, 70 Fed. (2d) 1013).

*Judgment will be entered for the petitioner.*